UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHAUNESI DeBERRY,

                   Plaintiff(s),

     v.

NORDSTROM INC., et al.,

                  Defendant(s).

CASE NO. C26-0639-KKE

ORDER DECLINING TO ISSUE SUMMONS, DISMISSING COMPLAINT, AND PROVIDING LEAVE TO AMEND THE COMPLAINT

This matter comes before the Court on the complaint filed by Plaintiff Shaunesi DeBerry, representing herself. *See* Dkt. Nos. 1, 4. In granting DeBerry's application to proceed *in forma pauperis*, U.S. Magistrate Judge S. Kate Vaughan recommended that the Court screen DeBerry's complaint under 28 U.S.C. § 1915(e)(2)(B) before issuing summons. Dkt. No. 3. Based on its review, the Court declines to issue summons at this time and will provide DeBerry leave to file an amended complaint no later than April 27, 2026, to cure the deficiencies identified herein.

## I.    BACKGROUND

This action stems from an incident involving DeBerry's minor daughter, who was shopping with a friend at a Nordstrom department store on November 12, 2023. Dkt. No. 4 ¶ 23. DeBerry's daughter and her friend were accused of shoplifting a hat and DeBerry's daughter was detained by Nordstrom loss prevention employee Collins Kenlak. *Id*. at 13–15. DeBerry alleges that Kenlak "seized, grabbed, pulled, and pushed" her daughter in the course of detaining her, in contravention

ORDER DECLINING TO ISSUE SUMMONS, DISMISSING COMPLAINT, AND PROVIDING LEAVE TO AMEND THE COMPLAINT - 1

of Nordstrom's Bill of Rights prohibiting excessive force and unreasonable detention. *Id.* ¶¶ 23–24. DeBerry further alleges that Officer Odom of the Howard County Police Department told her police were not charging her daughter, although Howard County Police Department Officer Phelps told her that Nordstrom insisted on pursuing charges. *Id.* ¶¶ 27–28.

DeBerry further alleges that Nordstrom covered up the incident on November 15, 2023, issuing a statement claiming that her daughter "walked willingly," "no force was used," and that "police decided to charge her," relying on video evidence that Nordstrom refused to release. Dkt. No. 4 ¶¶ 30–31. DeBerry states that "a Maryland judge ordered release of police body cam, 911, dispatch logs[,]" and although Howard County complied, Nordstrom produced nothing. *Id.* ¶¶ 32–34. DeBerry contends that Nordstrom filed a Notice of Appearance "on appeal" before an appeal existed, which was "impossible unless Nordstrom received inside information from court personnel." *Id.* ¶¶ 35–36. She states that such actions show "improper coordination between private actors and state officials." *Id*. ¶ 37. Further, she alleges that Judge E. Gregory Wells "strategically dismissed" her filings for "false 'hard copy' reasons," while court clerks had already accepted them. *Id*. ¶¶ 38–39. She states that Judge Wells' actions "prevented appellate review," and "shielded Nordstrom," "satisf[ying] § 1985(2) obstruction and § 1983 denial of access to courts." *Id*. ¶¶ 40–42.

DeBerry filed this suit in February 2026 against Nordstrom Inc., Howard County, the county police officers and judge, as well as other individuals, bringing claims under 42 U.S.C. §§ 1983 and 1985, and claims of malicious prosecution, false imprisonment, negligent training and supervision, intentional infliction of emotional distress, corporate negligence, and spoliation of evidence. Dkt. No. 4. The Court will screen DeBerry's complaint to determine whether her claims as stated are valid.

ORDER DECLINING TO ISSUE SUMMONS, DISMISSING COMPLAINT, AND PROVIDING LEAVE TO AMEND THE COMPLAINT - 2

## II.    ANALYSIS

The Court will first discuss the sufficiency of DeBerry's claims against Judge Wells.  The Court then addresses her claims against Stephen Yaeger, Officer Odom, Officer Phelps,[1] and Howard County, before turning to her claims against Nordstrom, Collins Kenlak, Jamie Nordstrom, Erik Nordstrom, and Cherie Williams.[2]

### A.    Standard of Review

The Court will dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Because DeBerry is representing herself, the Court shall construe her pleadings liberally.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).  Regardless, her complaint must still include factual allegations "enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  When dismissing a complaint under § 1915, courts give *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B.    DeBerry's Claims Against Judge Wells Fail.

DeBerry's complaint lists Section 1983 and Section 1985 claims against Judge Wells in an "administrative capacity only (non-judicial acts)."  Dkt. No. 4 at 4.  She alleges that by dismissing her filings for false procedural reasons, and because "court personnel" must have given inside information to Nordstrom to allow it to appear in an appeal before any appeal existed, Judge Wells is liable for denying DeBerry access to the courts and conspiracy to obstruct justice.  *Id*. at 5.

---

[1] This order refers to Yaeger, Officer Odom, and Officer Phelps collectively as the "Maryland Defendants."

[2] This order refers to Kenlak, Jamie Nordstrom, Erik Nordstrom, and Williams collectively as the "Nordstrom Defendants."

ORDER DECLINING TO ISSUE SUMMONS, DISMISSING COMPLAINT, AND PROVIDING LEAVE TO AMEND THE COMPLAINT - 3

"[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (quoting *Supreme Ct. of Va. v. Consumers Union*, 446 U.S. 719, 734–35 (1980)). Indeed, "judicial immunity is not overcome by allegations of bad faith or malice[.]" *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Such immunity applies regardless how "erroneous the [judge's] act may have been, and however injurious in its consequences [the act] may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985)).

Here, DeBerry sues Judge Wells in his "administrative" capacity for money damages under Section 1983. *See* Dkt. No. 4 at 6–7. Nonetheless, a review of DeBerry's complaint describes only judicial acts of Judge Wells and his connection to the facts alleged arises only from judicial acts. Accordingly, DeBerry's claims against Judge Wells fail because they are barred by judicial immunity. The Court will therefore dismiss DeBerry's claims against Judge Wells, without leave to amend because no amendment could cure this deficiency.

## C. DeBerry's Section 1983 Claims Against the Remaining Defendants Are Dismissed, With Leave to Amend.

DeBerry brings Section 1983 claims against all other Defendants, in addition to Judge Wells. *See* Dkt. No. 4 at 6. A claim may be brought under Section 1983 against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution. *See* 42 U.S.C. § 1983. To state a claim for relief under Section 1983, a plaintiff must show: (1) they suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). As to the second prong, a plaintiff must allege facts demonstrating how individually named defendants caused, or personally participated in causing,

ORDER DECLINING TO ISSUE SUMMONS, DISMISSING COMPLAINT, AND PROVIDING LEAVE TO AMEND THE COMPLAINT - 4

the harm alleged in the complaint. *See Arnold v. I.B.M. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of participation in civil rights violations are not sufficient to support a claim under Section 1983. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

DeBerry's Section 1983 claims fail as to the Maryland Defendants, Howard County, Nordstrom, and Nordstrom Defendants, for the following reasons.

### 1. Maryland Defendants

The Court begins with DeBerry's Section 1983 claim of "Conspiracy to Violate Civil Rights" against the Maryland Defendants. Dkt. No. 4 at 6. First, DeBerry's complaint does not state which constitutional right(s), if any, that have been violated specifically by Officer Odom, Officer Phelps, and Stephen Yaeger, nor does the complaint link the conduct of any Maryland Defendant to the violation of a constitutional right. In fact, the complaint does not describe any conduct of Stephen Yaeger, and his connection to this lawsuit is unclear.

Thus, the Court will dismiss DeBerry's Section 1983 claim against Maryland Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B), with leave to amend. To state a valid Section 1983 claim against the Maryland Defendants, DeBerry's amended complaint must (1) identify the right protected by the Constitution or created by federal statute that was violated, and (2) allege facts explaining how the violation was proximately caused by a Defendant that was acting under color of state law.

### 2. Howard County

Local government entities may be sued under Section 1983 for monetary or equitable relief where "action pursuant to official municipal policy of some nature cause[s] a constitutional

ORDER DECLINING TO ISSUE SUMMONS, DISMISSING COMPLAINT, AND PROVIDING LEAVE TO AMEND THE COMPLAINT - 5

tort." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–94 (1978). "To impose *Monell* liability on a municipality under Section 1983, a plaintiff must prove: (1) [he] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (quoting *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011)).

DeBerry brings two claims of "Conspiracy to Violate Civil Rights" and "Denial of Access to Courts" under Section 1983 against Howard County. But DeBerry has not alleged which constitutional right of hers Howard County violated, has not identified a Howard County policy or custom, and has not drawn any connection between the two. *See* Dkt. No. 4.

Accordingly, the Court will dismiss DeBerry's Section 1983 claims against Howard County, with leave to amend. To state a Section 1983 claim against Howard County, DeBerry's amended complaint must identify her constitutional right that was violated, and a policy, custom, or practice of Howard County that was the "moving force" behind the constitutional violations allegedly committed by actors employed by Howard County. *See Monell*, 436 U.S. at 690–94.

3. <u>Nordstrom and Nordstrom Defendants</u>

"It is generally presumed that private individuals and entities do not act 'under color of state law' within the meaning of Section 1983." *See James v. FPI Mgmt., Inc.*, No. C22-0336JLR, 2022 WL 1499590, at *5 (W.D. Wash. May 11, 2022) (citing *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011)). However, private parties can be liable under Section 1983 if a plaintiff demonstrates that their "conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Here, the relevant inquiry is the "joint action test," asking "whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights."

ORDER DECLINING TO ISSUE SUMMONS, DISMISSING COMPLAINT, AND PROVIDING LEAVE TO AMEND THE COMPLAINT - 6

*Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (quoting *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002)).  Joint action exists when the state has "so far insinuated itself into a position of interdependence with [the private entity] that it must be recognized as a joint participant in the challenged activity."  *Id* (quoting *Gorenc v. Salt River Project Agric. Improvement & Power Dist.*, 869 F.2d 503, 507 (9th Cir. 1989)).

DeBerry's allegations against Nordstrom and Nordstrom Defendants are not sufficient to suggest they are liable for conspiring to deprive her of a federal right.  Nordstrom is a private entity and Nordstrom Defendants are private individuals; DeBerry's complaint lacks allegations that demonstrate Nordstrom's conduct was attributable to the state of Maryland, and she has not alleged any facts about the conduct of the Nordstrom Defendants.  DeBerry alleges that Nordstrom filed a Notice of Appearance "on appeal" before the existence of an appeal, concluding that this fact was "impossible" unless Nordstrom received insider information from the court.  *See* Dkt. No. 4 ¶ 35. But even with insider information, it is unclear how Nordstrom could file a notice of appearance in a non-existent appeal.  Vague and conclusory statements of impossibility and "improper coordination" are not sufficient.

Accordingly, the Court will dismiss DeBerry's Section 1983 claims against Nordstrom and Nordstrom Defendants under 28 U.S.C. § 1915(e)(2)(B), with leave to amend. To state a Section 1983 claim against Nordstrom or the Nordstrom Defendants, DeBerry's amended complaint must describe the conduct of Nordstrom or the Nordstrom Defendants that deprived her of a constitutional right, and allege facts showing that Nordstrom's and/or the Nordstrom Defendants' actions amounted to state action under the joint action test.

**D.    DeBerry's Section 1985 Claims Against Nordstrom, Nordstrom Defendants, and Maryland Defendants Are Dismissed, With Leave to Amend.**

DeBerry brings a Section 1985(2) claim against "Nordstrom corporate defendants" and "Maryland officials." Dkt. No. 4 at 6. She also brings a Section 1985(3) claim but does not disclose which Defendant(s) she brings this claim against. *Id*.

The relevant clause of Section 1985(2) gives rise to a cause of action concerning access to state courts where "two or more persons conspire for the purposes of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws[.]" 42 U.S.C. § 1985(2). "It is well-settled that the equal protection language of the second clause of section 1985(2) requires an allegation of class-based animus for the statement of a claim under that clause." *Portman v. County of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993) (citation modified).

Section 1985(3) prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws[.]" 42 U.S.C. § 1985(3). A violation of Section 1985(3) requires the existence of a conspiracy *and* an act in furtherance of the conspiracy, and mere allegations of conspiracy are insufficient to state a claim. *Holgate v. Baldwin,* 425 F.3d 671, 676 (9th Cir. 2005).

For the following reasons, DeBerry's complaint fails to state valid Section 1985 claims. DeBerry has not alleged that Nordstrom, Nordstrom Defendants, or Maryland Defendants denied her access to state court because she was a member of a protected class, and it is not clear that she was denied access to state court at all. Thus, DeBerry's Section 1985(2) claim fails.

As noted earlier in this order, DeBerry's complaint fails to identify which Defendants the Section 1985(3) claim is brought against. Without this information, or any allegations as to what conduct supports this claim, DeBerry has failed to show that she is entitled to relief on this claim.

ORDER DECLINING TO ISSUE SUMMONS, DISMISSING COMPLAINT, AND PROVIDING LEAVE TO AMEND THE COMPLAINT - 8

Because DeBerry fails to state valid Section 1985 claims, the Court will dismiss these claims with leave to amend. To state a Section 1985(2) claim, DeBerry's amended complaint must allege that she was denied access to state courts based on her membership in a protected class. To state a Section 1985(3) claim, DeBerry's amended complaint must identify which Defendants conspired together, what facts support the existence of a conspiracy, and what act(s) were taken in furtherance of the conspiracy.

**E.      The Malicious Prosecution Claim Is Dismissed, With Leave to Amend.**

DeBerry's complaint brings a malicious prosecution claim against Nordstrom, Kenlak, and Yaeger. Dkt. No. 4 at 6. The complaint does not identify whether this is a state law claim or a federal claim, nor does it allege that DeBerry herself was prosecuted (nor does it allege that her daughter was prosecuted, for that matter).

In the absence of such factual allegations, DeBerry has failed to state a valid claim for malicious prosecution. To state such a claim, DeBerry's amended complaint must identify a defendant that instigated a criminal proceeding against her (that has since been resolved in DeBerry's favor) with an improper purpose and without probable cause. *See McDonough v. Smith*, 588 U.S. 109, 116–17 (2019). Thus, the Court dismisses this claim with leave to amend.

**F.      The Court Declines to Further Address the State Law Claims.**

DeBerry alleges claims of false imprisonment, negligent training and supervision, intentional infliction of emotional distress, corporate negligence, and spoliation of evidence. *See* Dkt. No. 4 at 6.

As explained above, DeBerry has not stated a federal claim for relief. A district court has discretion on whether to exercise supplemental jurisdiction over state claims arising from the same case or controversy supporting the federal claims. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("With respect to supplemental jurisdiction in particular, a federal court has

ORDER DECLINING TO ISSUE SUMMONS, DISMISSING COMPLAINT, AND PROVIDING LEAVE TO AMEND THE COMPLAINT - 9

subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise."). "When district courts dismiss all claims independently qualifying for the exercise of federal jurisdiction, they ordinarily dismiss as well all related state claims." *Artis v. District of Columbia*, 583 U.S. 71, 74 (2018).

Thus, because DeBerry's federal claims are dismissed for the above reasons, the Court need not address whether her complaint adequately pleads state claims. If DeBerry amends her complaint to sufficiently allege federal claims, the Court will then address her state claims.

### III.    CONCLUSION

For the foregoing reasons, the Court DISMISSES Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B). No later than April 30, 2026, Plaintiff may file an amended complaint to correct these deficiencies. An amended complaint operates as a complete substitute for the original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If no amended complaint is timely filed, the Court will close this case.

The clerk is directed to send Plaintiff (1) the appropriate forms for filing a civil rights complaint, (2) a copy of this order, and (3) the Pro Se Guide to Filing Your Lawsuit in Federal Court.

Dated this 30th day of March, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DECLINING TO ISSUE SUMMONS, DISMISSING COMPLAINT, AND PROVIDING LEAVE TO AMEND THE COMPLAINT - 10