UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHAUNESI DeBERRY,<br><br>Plaintiff(s),<br>v.<br><br>NORDSTROM INC., et al.,<br><br>Defendant(s). | CASE NO. C26-0639-KKE<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY |

Plaintiff, representing herself, filed this action stemming from her daughter's investigation for shoplifting. Dkt. No. 7. Defendants include two police officers who are represented by counsel from the McGuireWoods LLP law firm. *See* Dkt. No. 23. Plaintiff filed a motion to disqualify McGuireWoods attorneys from representing Defendants in this case because McGuireWoods attorneys have represented defendants in other matters she has litigated as a plaintiff in other courts. Dkt. No. 24.

"Disqualification is considered 'a drastic measure which courts should hesitate to impose except when absolutely necessary.'" *U.S. Fire Ins. Co. v. Icicle Seafoods, Inc.*, 523 F. Supp. 3d 1262, 1266 (W.D. Wash. 2021) (quoting *United States ex rel. Lord Elec. Co., Inc. v. Titan Pac. Constr. Corp.*, 637 F. Supp. 1556, 1562 (W.D. Wash. 1986)). "Whether to disqualify an attorney in an action pending before it is largely within the discretion of the trial court, and in making its decision the court first refers to the local rules regulating the conduct of members of its bar." *Ivy*

*v. Outback Steakhouse Inc.*, No. C05-0654-JCC, 2008 WL 11506622, at *3 (W.D. Wash. Apr. 14, 2008).

Here, the Court is aware of no local rule or Washington State Rule of Professional Conduct that would prevent McGuireWoods attorneys from representing parties adverse to Plaintiff, and Plaintiff's briefing does not cite any such rule. That McGuireWoods attorneys have represented other parties adverse to Plaintiff could pose a conflict to their representing Plaintiff, but that is not the scenario here, as they represent parties adverse to Plaintiff. Plaintiff does not contend that the cases in which she had prior contact with McGuireWoods attorneys are related to this case; although she lists two cases that she states involve her daughter (as does this case), McGuireWoods attorneys have not appeared in either of those cases. *See* Dkt. No. 26 at 2–3 (citing *Melvin v. Town of Wake Forest*, No. 5:26-cv-00500 (E.D.N.C. 2026); *Melvin v. Cobb County*, No. 1:26-00851-MHC (N.D. Ga. 2026)). Because Plaintiff has failed to identify any authority that authorizes much less compels the drastic outcome Plaintiff seeks, the Court DENIES her motion. Dkt. No. 24.

Dated this 24th day of August, 2026.

Kymberly K. Evanson
United States District Judge