UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHAUNESI DeBERRY,<br><br>Plaintiff(s),<br>v.<br><br>NORDSTROM INC., et al.,<br><br>Defendant(s). | CASE NO. C26-0639-KKE<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS AND TRANSFERRING THE CASE |

## I. BACKGROUND

Plaintiff Shaunesi DeBerry, representing herself, filed this action arising from an incident involving her minor daughter, who was accused of shoplifting at a Nordstrom department store in Maryland in November 2023. Dkt. No. 7. DeBerry brings claims for constitutional violations, false imprisonment, and/or negligence against Defendants Nordstrom, Inc.; and Nordstrom loss prevention officer Collins Kenlak; and two Howard County Police Department officers who responded to the incident. *Id*. Defendants have filed multiple motions under Federal Rule of Civil Procedure 12 requesting, among other things, a dismissal of Plaintiff's claims for want of venue. Dkt. Nos. 21, 32, 40.

The Court agrees that venue is improper here, and thus will grant Defendants' motions in part as to venue and will transfer this action to the District of Maryland.

## II. ANALYSIS

### A. Legal Standards on Venue

A civil action may be brought in--

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). After a defendant objects to venue, the plaintiff has the burden of showing that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). If venue is improper, a court may dismiss or, in the interest of justice, transfer the action to any district in which it could have been brought. 28 U.S.C. § 1406(a).

### B. Venue is Improper in the Western District of Washington.

Defendants contend that under 28 U.S.C. § 1391(b), this case was not properly filed in the Western District of Washington. Defendants first note that the individual Defendants reside in Maryland, and thus venue is not proper here under Section 1391(b)(1) because not all the Defendants reside in Washington. Second, the events giving rise to the claim occurred in Maryland, where Plaintiff's daughter was stopped and investigated for shoplifting, and venue is thus not proper under Section 1391(b)(2) because no substantial part of the events giving rise to this claim occurred in Washington. And third, as noted in Plaintiff's operative complaint (Dkt. No. 7 at 4), and in Defendants' pending motions, this action could have been brought in Maryland and thus Section 1391(b)(3) does not apply. Accordingly, Defendants request that the Court either dismiss Plaintiff's claims for improper venue under Rule 12(b)(3) or, in the alternative, transfer this case to the District of Maryland under 28 U.S.C. § 1406(a). Dkt. Nos. 21, 32, 40.

Plaintiff's responses to Defendants' venue objections have not persuaded the Court that venue is proper here. Plaintiff notes that Defendant Nordstrom Inc. is headquartered in Washington (Dkt. No. 22 at 2), but *all* Defendants must reside in the forum in order to invoke Section 1391(b)(1). Plaintiff also speculates that some of Defendants' actions in this case were controlled from Nordstrom headquarters in Washington (Dkt. No. 33 at 4), but the substantial part of the actions themselves nonetheless occurred in Maryland, and thus Section 1391(b)(2) does not supply a proper basis for venue. Plaintiff has acknowledged that the District of Maryland is an available forum for this action (Dkt. No. 41 at 7), and Section 1391(b)(3) is therefore inapplicable.

Accordingly, the Court will grant Defendants' motions in part for want of venue under Rule 12(b)(3). The Court finds that a transfer, rather than a dismissal, would further the interest of justice. Although Defendants have raised additional concerns beyond venue in their motions to dismiss, no Defendant requests that the Court decline to transfer the case as frivolous. Under these circumstances, a transfer is appropriate. *See Amity Rubberized Pen Co. v. Mkt. Quest Grp., Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) ("So long as an appellant has made a colorable claim … even if its support is 'quite spare,' we have found it best to transfer and 'leave such issues to the court with jurisdiction over the claims.'" (quoting *Munns v. Kerry*, 782 F.3d 402, 415 n.9 (9th Cir. 2015))).

The Court will transfer this case to the United States District Court for the District of Maryland, which can address the remaining arguments presented in Defendants' motions to dismiss as needed. *See Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1110 (C.D. Cal. 2001) ("in the absence of proper venue" the court declined to reach the merits of the Rule 12(b)(6) motion filed by the defendants, and denied that motion without prejudice to its re-filing in the transferee court).

## III. CONCLUSION

For these reasons, the Court GRANTS IN PART Defendants' motions to dismiss to the extent they argue that venue is improper in this District. The Court otherwise DENIES IN PART the motions without prejudice to re-filing. Dkt. Nos. 21, 32, 40. This case is TRANSFERRED to the District of Maryland.

Dated this 12th day of November, 2026.

Kymberly K. Evanson
United States District Judge